UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVELPOSTER,<br><br>      Plaintiff,<br><br>   v.<br><br>JAVITCH CANFIELD GROUP, et al.,<br><br>      Defendants. | Case No. 13-cv-05186-WHO<br><br>**ORDER GRANTING DISCOVERY, CONTINUING MOTION TO DISMISS AND CASE MANAGEMENT CONFERENCE, AND REQUIRING MEDIATION**<br><br>Re: Dkt. Nos. 33, 34, 35 |

On February 10, 2014, the Court held a telephone conference concerning plaintiff NovelPoster's ex parte application for a temporary restraining order and preliminary injunction requiring that various documents in the defendants' possession be produced immediately. Defendants opposed the motion, arguing that they already provided sufficient information to NovelPoster and that the requisites for a temporary restraining order or preliminary injunction were not present.

The Court raised several concerns during the telephone conference, first among them being that the litigation costs for both parties would quickly outstrip the underlying value of the case. Defendants have filed motions to dismiss, which are fully briefed. The parties have not met and conferred in person in an effort to resolve the dispute. While it is the parties' right to litigate this matter if they choose, it is the Court's duty to attempt to manage this case to secure a just, speedy, and inexpensive determination of it if possible. In an effort to achieve that outcome, the Court ORDERS as follows:

1. Within seven days of the date of this Order, the defendants shall provide NovelPoster with all emails and other written communications, including any contracts or other agreements, between them and any third-party customers (past, actual, or potential)

  related to NovelPoster from June 6, 2013, to January 10, 2014. Within seven days of the date of this Order, the defendants shall also provide NovelPoster with an accounting of all orders and contracts involving NovelPoster during that time period.

2. The parties, with principals present, shall mediate this matter as soon as practicable, ideally before March 10, 2014. This matter is referred to the Court's ADR Unit for selection of a mediator.

3. The Case Management Conference scheduled for February 19, 2014, shall be rescheduled to March 18, 2014, at 2 p.m. in Courtroom 2. In the event the mediation has not occurred, the parties may jointly request a further continuance of the Conference. Otherwise, a joint Case Management Statement shall be filed no later than March 13, 2014.

4. The hearing on defendants' motions to dismiss, scheduled for February 19, 2014, is vacated. If mediation is unsuccessful, the parties may re-notice the motions for hearing at least two weeks before the proposed hearing date.

In light of this Order, to the extent that NovelPoster's ex parte application seeks more documents than this Order allows, the application is DENIED.

Plaintiff informed the Court after the telephone conference that the defendants in this matter are the same defendants named in a case recently filed in the Southern District of Ohio: *The Gilette Company v. Javitch Canfield Group*, on a complaint for patent infringement. Apparently, counsel for the plaintiff here and counsel for The Gilette Company agree that they should try for a global settlement of both cases, since there are overlapping legal issues as to the existence of the Javitch Canfield Group and overlapping discovery issues with respect to cross-marketing of NovelPoster products with the products at issue in The Gilette Company's complaint.

It is not obvious why trying to settle a patent infringement matter with a different plaintiff would not complicate rather than simplify the mediation. The "common" issues identified do not appear necessary for resolution of the case in this district. The cases are not related, and the Court will not interfere with a case in another district which has such a scant connection to this matter. If the parties in this case all agree that The Gilette Company should be included in the mediation,

1  they should file a joint letter with a more persuasive justification for doing so.  Plaintiff's request
2  is DENIED at this time.
3      **IT IS SO ORDERED**.
4  Dated: February 10, 2014



WILLIAM H. ORRICK
United States District Judge