UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVELPOSTER,<br><br>    Plaintiff,<br><br>    v.<br><br>JAVITCH CANFIELD GROUP, et al.,<br><br>    Defendants. | Case No. 13-cv-05186-WHO<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 40 |

Plaintiff NovelPoster filed an unopposed statement regarding discovery disputes with defendants. I ORDER as follows:

1. The purpose of requiring defendants to provide emails and written communications immediately was to resolve the basis for plaintiff's request for injunctive relief. Defendants shall Bates-stamp the documents they produced within 30 days. The more important issue is whether defendants have complied with my order to provide NovelPoster with all the documents I ordered produced. Defendants shall file a certification that they have done so, or explain why they have not, no later than March 7, 2014.

2. Plaintiff well overstates my expectations regarding the accounting. The purpose of this requirement was to apprise the plaintiff of all orders and contracts involving NovelPoster between June 6, 2013, and January 10, 2014, so that the parties would learn what is at stake in this dispute. If defendants have not already done so, by March 7, 2014, they shall supplement the list with columns including refunds, expenses, and other information that will apprise plaintiff of its potential claims. It is not necessary to provide back-up information to support the figures at this time other than what I

1  previously ordered to be produced—I assume that some of the documents already
2  produced will bear on this issue.  Certainly, if there is a Quickbooks statement that
3  exists, or could easily be created, defendants should do so.

4  **IT IS SO ORDERED**.

5  Dated:  March 5, 2014



WILLIAM H. ORRICK
United States District Judge

2