UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVELPOSTER,<br>        Plaintiff,<br>    v.<br>JAVITCH CANFIELD GROUP, et al.,<br>        Defendants. | Case No. 13-cv-05186-WHO<br><br>**ORDER DENYING MOTIONS TO DISMISS**<br>Re: Dkt. Nos. 16, 24 |

In this case, plaintiff NovelPoster contends that defendants breached a contract to run NovelPoster and then failed to return control over NovelPoster's webserver and email accounts back to NovelPoster in violation of federal and state computer fraud and privacy laws. Defendants Daniel Canfield and Mark Javitch have moved to dismiss. Under Civil Local Rule 7-1(b), these motions can be resolved without oral argument. The April 2, 2014 hearing is VACATED. Because I accept the factual allegations in the Complaint as true, and because those allegations plausibly state claims for relief, I DENY the Motions to Dismiss.

**BACKGROUND**

Plaintiff NovelPoster is a general partnership that designs, sells, and distributes text-based poster products and is owned by Alex Yancher and Matt Grinberg. Complaint ¶1, 4. NovelPoster alleges that it entered into a contract on May 9, 2013, whereby defendants – the Javitch Canfield Group, Mark Javitch and Daniel Canfield – would run NovelPoster in exchange for payments of revenues. *Id*. The contract was allegedly terminated by NovelPoster just over a month later on June 14, 2013. *Id*. According to NovelPoster, during the contract period, defendants refused to provide Yancher and Grinberg access to necessary computer accounts and impermissibly accessed Yancher's and Grinberg's private email. *Id*. ¶2. Post-termination, NovelPoster alleges that defendants failed to return control of the NovelPoster website and computer accounts to

NovelPoster's control and effectively locked out Yancher and Grinberg from being able to oversee and operate the company. *Id.* ¶ 1.

Based on these allegations, NovelPoster alleges the following violations of law: (i) Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"); (ii) Electronic Communications Privacy Act, 18 U.S.C. §2510 ("ECPA"); (iii) California's Computer Crime Law, Penal Code § 502 ("CCCL"); (iv) California's Invasion of Privacy Act, Penal Code § 630 ("CIPA"); (v) Conversion; (vi) Breach of Contract; (vii) Breach of the Implied Covenant of Good Faith and Fair Dealing; (viii) California's Unfair Competition Law, Business and Professions Code § 17200 ("UCL"); and (ix) Unjust Enrichment.

Defendant Canfield moves to dismiss, arguing that NovelPoster fails to allege sufficient facts as to his individual actions and fails to plead sufficient facts to support its causes of action generally.[1]  Defendant Javitch moves to dismiss, likewise arguing that the facts alleged fail to state a claim.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

---

[1] In his motion to dismiss (which was filed pro se and before he had counsel), Canfield also asserted that the Complaint must be dismissed for lack of diversity jurisdiction. Canfield Motion at 3. NovelPoster confirms in its Opposition that it is not asserting diversity jurisdiction, but subject matter jurisdiction under the CFAA and ECPA claims. Canfield also argues that he cannot be held liable for the claims asserted by NovelPoster because he was simply an independent contractor of The Javitch Group LLC. However, on a motion to dismiss under Rule 12(b)(6), the Court takes as true the facts as pleaded by NovelPoster and cannot look to facts outside the Complaint.

1    In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir.1989).

**DISCUSSION**

**I.  BREACH OF CONTRACT**

Javitch and Canfield argue that NovelPoster fails to allege sufficient facts in support of its breach of contract claim. "[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). "A written contract may be pleaded either by its terms—set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference—or by its legal effect." *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1489 (Cal. App. 2006). As the *McKell* Court recognized, "[i]n order to plead a contract by its legal effect, plaintiff must 'allege the substance of its relevant terms. This is more difficult, for it requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions.'" *Id*. (quoting 4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 480, p. 573).

3

Here, NovelPoster alleges the following regarding the written contract:[2]

On or about May 8, 2013, Mr. Grinberg emailed a proposed contract to Defendants, also including Mr. Yancher. The proposed contract, "in its entirety" stated:
- Operations
   - o NovelPoster is hiring Javitch Canfield to take over all aspects of operations except for poster design. Operations include the following:
      - Fulfilling posters or subcontracting fulfillment responsibilities
      - Maintaining adequate inventory levels
      - Marketing (adwords, FB ads, etc)
      - Customer service
      - Outbound sales calls to distributors
      - Maintaining website and social media presence
      - Financial and accounting record keeping
   - o NovelPoster continues to be responsible for additional poster design at a rate of one new poster per month
- Fees
   - o Javitch Canfield takes 80% of sales for their services
- Other Considerations
   - o NovelPoster continues to have ownership of all NovelPoster related accounts
   - o Javitch Canfield receive 10% equity in NovelPoster, which would vest over 2- years
      - Vesting happens as Javitch Canfield continue to run operations of NovelPoster
   - o Javitch Canfield agrees not to compete with NovelPoster by creating their own text-based poster product similar to NovelPoster

Complaint, ¶ 17.

The Complaint also alleges that: "On or about May 9, 2013, Defendant DANIEL CANFIELD replied to Mr. Yancher's email, also including Defendant MARK JAVITCH and Mr. Grinberg, stating that Defendants agreed to the contract terms established by Mr. Grinberg in his May 8, 2013 email (as recounted above in paragraph 17)." *Id.* ¶ 21.

Defendants assert a number of fact-based challenges to NovelPoster's allegations regarding the Complaint. First, defendants' argue that plaintiff has not, in fact, alleged "the entirety" of the contract, but has simply selected text from a portion of an email it sent to defendants. *See, e.g.*, Javitch MTD at 7; Canfield Reply at 4 ("In fact, the specific contract" and "Plaintiff makes this allegation despite the fact that"). In ruling on the Motions to Dismiss, however, I must assume the

---

[2] Cal. Code Civ. Proc. § 430.10(g) provides that a defendant may file a demurrer on the ground that "[i]n an action founded upon a contract, it cannot be ascertained from the pleading whether the contract is written, is oral, or is implied by conduct." Here, the Complaint is clear that the alleged contract was in writing; in the May 8, 2013 offer email and the May 9, 2013 acceptance email.

4

facts as alleged by NovelPoster as long as those facts are plausible. *Twombly*, 550 U.S. at 556. On the face of the Complaint, plaintiff has alleged the verbatim terms of the contract in its "entirety." Complaint, ¶ 17. Defendants' contention that NovelPoster has impermissibly taken portions of an email (or emails) and attempted to create a contract, cannot undermine NovelPoster's adequate allegations regarding the May 8, 2013 email.

Defendants also argue that that the breach of contract allegations are insufficient because defendants did not, in fact, agree to the terms contained in the May 8, 2013 email. Javitch MTD at 7. However, taken at their face, the allegations in the Complaint at paragraph 21 (that Canfield agreed on behalf of all "Defendants" to the contract terms) are plausible and sufficient at this juncture.[3]

Finally, defendants argue that the allegations in the Complaint are insufficient because NovelPoster fails to "provide the actual communication from which it draws" the contract allegations. *Id*. at 8. California law, however, does not require NovelPoster to attach the actual terms of the contract it alleges existed to its Complaint. Moreover, defendants could have included a copy of the May 8, 2013 email, under the doctrine of incorporation by reference, to rebut NovelPoster's allegations regarding the contents of that email. They did not.

The breach of contract is adequately alleged and defendants' Motions to Dismiss are DENIED as to this claim.

## II. SUFFICIENCY OF ALLEGATIONS REGARDING JAVITCH AND CANFIELD AS INDIVIDUALS

Other than on the breach of contract claim, instead of attacking the adequacy of the pleadings for each specific cause of action defendants generally argue that the Complaint fails to state claims against them because there are insufficient factual allegations as to the individual actions that Canfield and Javitch took.[4] Defendants contend that the Complaint impermissibly

---

[3] Defendants other arguments – that the May 8 "contract terms" are "altered" proposed terms previously emailed and that the May 8, 2013 email cannot be a contract because it was sent "well after the transfer of ownership of" NovelPoster's website domain and related accounts – are likewise factual challenges not appropriately considered on a motion to dismiss.
[4] In his Reply Javitch argues, in passing and without analysis, that NovelPoster failed to adequately plead its claims under the CFAA and the California Computer Crime Law. Javitch Reply at 4-6. These are substantial issues that deserve full briefing, and the Court will not address

lumps Canfield, Javitch and the "Javitch Canfield Group" together in asserting that "defendants" violated the identified laws.

I find that the Complaint *has* identified instances of conduct undertaken by Canfield and Javitch, explaining the general factual predicate as to those two defendants for the claims alleged. *See, e.g.*, Complaint ¶ 16 (over "the next few months" Canfield and Javitch met with Yancher and Grinberg "to discuss the terms of a potential business relationship"; ¶ 21 (Canfield replied agreeing to contract terms in May 8, 2013 email); ¶22 (Canfield offered to forward emails to Yancher and Grinberg); ¶ 25 (Canfield and Javitch met with Yancher and Grinberg on June 13 to discuss the business relationship); ¶ 27 (Javitch refused to acknowledge contract termination). Those allegations are specific and plausibly support the asserted claims.

While NovelPoster alleges that "defendants" violated various laws without identifying the specific defendants' actions in the portions of the Complaint addressing the specific causes of action asserted against defendants, the causes of action incorporate the factual background section that does allege the individual defendants' conduct. Importantly, the complaint is not ambiguous about which claims are being asserted against which defendants and upon what grounds. It is, instead, brought against defendants Canfield and Javitch individually – as a result of the communications and meetings between the parties that created the business relationship – and against the Javitch Canfield Group, a business entity founded by Canfield and Javitch. Complaint, ¶ 5.[5]

NovelPoster has met the Rule 8 pleading standard and alleges sufficient plausible facts to support its claims against Canfield and Javitch individually.[6]

---

such important substantive arguments raised for the first time in reply. Defendants may reassert these arguments on a motion for judgment on the pleadings or a motion for summary judgment.
[5] This is not a fraud case, nor a case sounding in fraud, where a plaintiff must meet a heightened pleading burden and allege the "the who, what, when, where, and how" under Rule 9(b). *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).
[6] Canfield contends that he is simply an independent contractor of The Javitch Group LLC, and as such, cannot be held individually responsible for the actions of the corporate entity, The Javitch Group LLC. Canfield Reply at 7-8. As discussed below, The Javitch Group LLC is not a party to this lawsuit. Moreover, whether Canfield was an independent contractor on behalf of defendant Javitch Canfield Group or the unnamed The Javitch Group LLC, is a matter to be determined at summary judgment, not on a motion to dismiss.

### III. FAILURE TO JOIN A NECESSARY PARTY

Defendants also argue that their motions to dismiss should be granted under Rule 12(b)(7) because NovelPoster has failed to sue a necessary and indispensable party, The Javitch Group LLC. Defendants assert that the ownership of NovelPoster was transferred to The Javitch Group LLC, not the Javitch Canfield Group, and that The Javitch Group LLC "is the party to the alleged contract." Canfield Reply at 8. Defendants also contend that they have informed NovelPoster's counsel of the same, yet NovelPoster stubbornly refuses to add The Javitch Group LLC as a party. *See, e.g.*, Javitch Motion at 9-10; Javitch Reply at 6-7.[7]

A party may move to dismiss under 12(b)(7) based on a plaintiff's failure to join a "necessary" and "indispensable" party under Fed. R. Civ. P. 19(a). *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992). Dismissal is appropriate only where a party determined to be necessary is also indispensable and cannot be joined. *Id*. To determine whether a party is necessary under Rule 19(a), the Court "must consider whether 'complete relief' can be accorded among the existing parties, and whether the absent party has a 'legally protected interest' in the subject of the suit." *Id*. The moving party bears the burden of persuasion in arguing for dismissal. *Id*.

Defendants have failed to meet their burden to demonstrate that The Javitch Group LLC is a necessary and indispensable party. As an initial matter, there is no argument that The Javitch Group LLC could not be joined, through a motion brought by defendants under Rule 19(a) or through an impleader or cross-claim asserted by Canfield or Javitch. Moreover, defendants have submitted no evidence – documentary or by declaration – to support their claim that The Javitch Group LLC is the entity that entered into the contract with NovelPoster or that assumed control of NovelPoster pursuant to the parties' discussions. *Cf. Citadel Inv. Group, L.L.C. v. Citadel Capital Co.*, 699 F. Supp. 2d 303, 317 (D.D.C. 2010) (citing 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1359 (3d ed. 2004) and recognizing that proponent's burden on

---

[7] NovelPoster relies, like defendants, on facts outside of the operative Complaint asserting that the JavitchCanfield Group was named as a defendant in part because the individual defendants used "dan@javitchcanfield" and "mark@javitchcanfield" as email addresses in the parties' negotiations. Oppo. to Javitch MTD at 17, 19.

7

12(b)(7) motion is satisfied by providing affidavits of persons having knowledge as well as other relevant extra-pleading evidence).

The only thing the Court has before it is defendant Canfield and Javitch's counsel's assertions in their *briefs* that The Javitch Group LLC is the entity who NovelPoster should be suing. That is insufficient to support the "drastic remedy" of dismissal for failure to join a necessary and indispensable party under 12(b)(7). *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 918 (4th Cir. 1999).

## IV. EXERCISE OF SUPPLEMENTAL JURISDICTION

Defendant Canfield also argues that the Court should grant this motion to dismiss under Rule 12(b)(1) and decline to exercise jurisdiction over the state law claims asserted by NovelPoster because those state law claims "vastly outnumber and predominate" over the federal CFAA and ECPA claims. Canfield Reply at 9. At this juncture, it appears that the factual predicate for the CFAA and ECPA claims share a common basis with the factual predicates for many, if not all, of NovelPoster's state law claims (*e.g.*, California Computer Crime Law, Invasion of Privacy, Breach of Contract). I will not decline to exercise supplemental jurisdiction over the state law claims at this stage, but may revisit the issue if the federal claims are dismissed on a motion for judgment on the pleadings or at summary judgment.

## CONCLUSION

For the foregoing reasons, defendant Canfield and Javitch's Motions to Dismiss are DENIED. They shall answer within twenty (20) days.

**IT IS SO ORDERED**.

Dated: April 1, 2014

WILLIAM H. ORRICK
United States District Judge