UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVELPOSTER,<br><br>    Plaintiff,<br><br>    v.<br><br>JAVITCH CANFIELD GROUP, et al.,<br><br>    Defendants. | Case No. 13-cv-05186-WHO<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR STAY OF DISCOVERY**<br><br>Re: Dkt. No. 53 |

On May 20, 2014, plaintiff and cross-defendant Novelposter and third-party defendants Alex Yancher and Matt Grinberg (collectively, "movants") sought a stay of discovery propounded on the third-party defendants until their motion to dismiss is resolved or the pleadings for the third-party complaint is settled. Their motion is DENIED.

The Federal Rules of Civil Procedure do not provide for stays of discovery simply because a motion to dismiss is pending. *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) ("a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery"). However, "[a] district court has broad discretion to stay discovery pending the disposition of a dispositive motion." *Hall v. Tilton*, No. 07-cv-3233-RMW, 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010). Courts have not looked favorably upon granting stays of discovery in these circumstances. *See In re Valence Tech. Sec. Litig.*, No. 94-cv-1542-SC, 1994 WL 758688, at *2 (N.D. Cal. Nov. 18, 1994). The party seeking a stay must make a "strong showing" of "good cause" for its request. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); FED. R. CIV. P 26(c)(1).

The movants have not shown good cause for staying discovery pending resolution of the motion to dismiss. In support of their argument, the movants simply assert that a stay would not

prejudice the defendants.  But mere lack of prejudice is not the same as "good cause" and falls far short of the "strong showing" required.  While the movants also argue that they would suffer "significant prejudice" if discovery were to proceed, it is the movants who brought this lawsuit, so they cannot now complain about the burdens of moving forward with its resolution.  The movants have not shown that the motion to dismiss is potentially dispositive of the whole case or that the motion can be decided without the propounded discovery.  *See S.F. Tech. v. Kraco Enters. LLC*, No. 11-cv-355-EJD, 2011 WL 2193397, at *2-3 (N.D. Cal. June 6, 2011).

Discovery can be expensive.  The parties have the right to choose whether to seek resolution in court or in settlement, and to date settlement efforts have not been successful.  Lacking good cause to delay discovery as the matter proceeds to judicial resolution, the request for a stay is DENIED.

**IT IS SO ORDERED.**

Dated: May 23, 2014



WILLIAM H. ORRICK
United States District Judge