Carlton J. Willey (CA Bar No. 269120)
WILLEY & BENTALEB LLP
JPMorgan Chase Building
560 Mission, Suite 1300
San Francisco, CA 94105
Phone: (415) 426-7111
Fax: (415) 276-2988
Carlton@WBLawPartners.com

*Attorney for Defendants and Counterclaimants*
*Mark Javitch and Daniel Canfield*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| NOVEPOSTER, a California General Partnership, <br><br> Plaintiff, <br><br> vs. <br><br> JAVITCH CANFIELD GROUP, business entity form unknown, et al, <br><br> Defendant, | 3:13-cv-05186-WHO <br><br> **JUDGE:** Hon. William H. Orrick <br><br> **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| MARK JAVITCH, DANIEL CANFIELD <br><br> Counterclaimants, <br><br> vs. <br><br> NOVELPOSTER, MATTHEW GRINBERG aka MATVEY GRINBERG and ALEX YANCHER, individuals <br><br> Counterdefendants. | |

Defendants Mark Javitch and Daniel Canfield ("Defendants") hereby answer Plaintiff Novelposter's ("Plaintiff") First Amended Complaint (Dkt 103, "FAC") as follows:

1. Defendants admit that the FAC purports to state an action based on a relationship whereby Plaintiffs fraudulently induced Defendants into a business arrangement to take over all aspects of their poster-selling business. This business arrangement was conducted informally, at the election of Plaintiff. Plaintiff has sued a "business entity form unknown" but Plaintiff is aware that there is no legal entity bearing the name "Javitch Canfield Group." Defendants deny committing any acts in violation of California state law, California common law, or federal laws related to "computer crimes" or "hacking" and, therefore, deny all material allegations in paragraph 1.

2. Denied.

3. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 3 and, therefore, deny the same.

4. Defendants deny that Javitch Canfield Group exists and therefore denies all allegations in paragraph 4.

5. Defendants deny that Javitch Canfield Group exists, Defendants admit that Mark Javitch is a resident of San Francisco, California, but deny all the remaining allegations in paragraph 5.

6. Defendants deny that Javitch Canfield Group exists, Defendants admit that Daniel Canfield was previously a resident of San Francisco, California, but deny all the remaining allegations in paragraph 6.

7. Denied.

8. Defendants deny committing any acts in violation of federal law and therefore deny that his Court should have jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331. However, Defendants admit that the Court's subject matter jurisdiction is purportedly invoked by Plaintiff's stated allegations. Defendants assert that the total alleged damages by Plaintiff do not exceed $10,000, and therefore the matter would be more appropriately brought in Small Claims Court were it not for Plaintiff's allegations invoking federal computer crimes.

9. Defendants deny that Javitch Canfield Group exists, denies that the Complaint alleges any

WILLEY &
BENTALEB LLP
SAN FRANCISCO

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

improper conduct, and therefore deny all allegations in paragraph 9.

10. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 10 and, therefore, deny the same.

11. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 11 and, therefore, deny the same.

12. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 12 and, therefore, deny the same.

    a. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 12(a) and, therefore, deny the same.
    b. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 12(b) and, therefore, deny the same.
    c. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 12(c) and, therefore, deny the same.
    d. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 12(d) and, therefore, deny the same.
    e. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 12(e) and, therefore, deny the same.
    f. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 12(f) and, therefore, deny the same.

13. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 13 and, therefore, deny the same.

14. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 14 and, therefore, deny the same.

15. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 15 and, therefore, deny the same.

16. Defendants deny that Javitch Canfield Group exists, Defendants admit the meeting at an event held by the Jewish Community Federation of San Francisco took place, deny

WILLEY &
BENTALEB LLP
SAN FRANCISCO

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's characterization of "Javitch Canfield Group" as Mr. Canfield's company, and ***admit Plaintiff's allegation*** that ***Plaintiff's*** proposed to Defendants "to take over the operations of NOVELPOSTER ***until it could be sold***." (emphasis added). Defendants admit that this proposed term of the Contract was offered by Plaintiffs and accepted by Defendants.

17. Defendants deny that Javitch Canfield Group exists, Defendants admit that meetings took place between Mr. Yancher, Mr. Grinberg, Mr. Canfield, and Mr. Javitch. Defendants deny Plaintiff's characterization of Mr. Javitch as Mr. Canfield's partner at Defendant Javitch Canfield Group, as Javitch Canfield Group does not exist.

18. Defendants admit a Contract was established with The Javitch Group LLC when Plaintiff transferred all Novelposter accounts and passwords to Defendants so that Defendants could take over Novelposter operations until it could be sold. Defendants deny all the remaining allegations in paragraph 18.

19. Defendants admit that without putting any access restrictions in place, Plaintiff transferred all Novelposter passwords and accounts to Defendants, including the administrative account for Google Apps for business, which controlled all Novelposter email accounts. Defendants further admit that no access restrictions to any Novelposter accounts were established or requested by Plaintiff. Defendants deny all the remaining allegations in paragraph 19.

20. Defendants admit that The Javitch Group LLC, in the ordinary course of business, routinely changes all passwords for security reasons. Defendants deny all the remaining allegations in paragraph 20.

21. Defendants admit that the Contract was consummated and fully established on May 3, 2013 when Plaintiff transferred all accounts and passwords to Defendants. Defendants admit that after establishing the Contract, Plaintiff unsuccessfully attempted to modify the existing contract terms by tampering with the Contract and failing to highlight any changes to Defendants and sending a one-way email that received no response. Defendants admit that no modification to the Contract occurred. Defendants deny the characterizations in

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

paragraph 21 and Defendants deny that the terms stated in paragraph 21 constitute the Contract and therefore deny all remaining allegations in paragraph 21.

22. Defendants admit that an email was sent by Mr. Grinberg but Defendants deny that it modified the pre-existing Contract. Defendants deny all the characterizations in paragraph 22 and therefore deny all allegations in paragraph 22.

23. Defendants admit that an email was sent by Mr. Yancher but Defendants deny that it modified the pre-existing Contract. Defendants deny all the characterizations in paragraph 23 and therefore deny all allegations in paragraph 23.

24. Defendants deny all the characterizations in paragraph 24 and therefore deny all the allegations in paragraph 24.

25. Defendants admit that The Javitch Group LLC posted on elance.com, but Defendants deny the characterizations in paragraph 25 and therefore deny all the remaining allegations in paragraph 25.

26. Defendants admit that correspondence took place but Defendants deny all the characterizations in paragraph 26 and therefore deny all the allegations in paragraph 26.

27. Defendants deny all the characterizations in paragraph 27 and therefore deny all the allegations in paragraph 27.

28. Defendants admit that Plaintiff transferred its inventory to Defendants without restriction and Defendants deny all the characterizations in paragraph 28 and therefore deny all the allegations in paragraph 28.

29. Defendants deny all the characterizations in paragraph 29 and therefore deny all the allegations in paragraph 29.

30. Defendants admit that Defendants created a new website for www.novelposter.com and Defendants changed the servers used by www.novelposter.com on June 6, 2013 in order to host the www.novelposter.com website on Defendants' servers. Defendants deny all the characterizations in paragraph 30 and therefore deny all the remaining allegations in paragraph 30.

31. Defendants deny all the characterizations in paragraph 29 and therefore deny all the allegations in paragraph 31.

32. Defendants admit that some correspondence took place but Defendants deny all the characterizations in paragraph 32 and therefore deny all the allegations in paragraph 32.

33. Defendants admit that a meeting took place on June 13, 2013, Defendants deny that the meeting took place at Starbucks Coffee, Defendants deny all the characterizations in paragraph 33 and therefore Defendants deny all the allegations in paragraph 33.

34. Defendants admit that Mr. Grinberg sent an email but Defendants deny all the characterizations in paragraph 34 and therefore deny all the allegations in paragraph 34.

35. Denied.

36. Defendants admit that Mr. Javitch sent an email but Defendants deny all the characterizations in paragraph 36 and therefore deny all the allegations in paragraph 36.

37. Defendants admit that Defendants operated Novelposter in accordance with all terms of the Contract. Defendants deny all the remaining allegations in paragraph 37.

38. Denied.

39. Defendants admit that Defendants sent some free gifts to customers but Defendants deny all the characterizations in paragraph 39 and therefore deny all the allegations in paragraph 39.

40. Denied.

41. Defendants admit that Defendants operated Novelposter in accordance with all terms of the Contract. Defendants deny all the remaining allegations in paragraph 41.

42. Denied.

43. Defendants admit that a bandwidth error occurred on December 4, 2013. Defendants deny all the characterizations in paragraph 43 and therefore deny all the remaining allegations in paragraph 43.

44. Defendants admit that Defendants sent instructions to Plaintiff on how to access their accounts since they did not know how after Defendants transferred the domain to Plaintiff on January 3, 2014. Defendants deny all the characterizations in paragraph 44 and therefore

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

deny any remaining allegations in paragraph 44.

45. Defendants deny that such an account existed. Defendants deny all the characterizations in paragraph 45 and therefore deny all the allegations in paragraph 45.

46. Denied.

47. Denied.

48. Defendants admit that Novelposter emails were not located in Plaintiff's Google Apps account because Defendants had used their own servers to operate Novelposter. Defendants deny all the characterizations in paragraph 48 and therefore deny all the allegations in paragraph 48.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Defendants admit that Plaintiff demanded Defendants shut down the website. Defendants deny all the characterizations in paragraph 56 and therefore deny all the remaining allegations in paragraph 56.

57. Denied.

58. Denied.

59. Denied.

60. Defendants admit offering free gifts to some customers but Defendants deny all the characterizations in paragraph 60 and therefore deny all the allegations in paragraph 60.

61. Denied.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

62. Defendants incorporate by reference the responses to the allegations set forth in paragraphs 1-61.
63. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 63 and, therefore, deny the same.
64. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 64 and, therefore, deny the same.
65. Denied.
66. Denied.
67. Denied.
68. No Contest.
69. No Contest.
70. Denied.
71. Denied.
72. No Contest.
73. Denied.
74. Denied.
75. Denied.
76. Denied.
77. Denied.
78. No Contest
79. Denied.
80. Denied.

Defendants request that this Court DENY Plaintiff's request for relief.

## SECOND CAUSE OF ACTION

81. Defendants incorporate by reference the responses to the allegations set forth in paragraphs 1-80.

82. No Contest.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. No Contest.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

Defendants request that this Court DENY Plaintiff's request for relief.

### THIRD CAUSE OF ACTION

101. Defendants incorporate by reference the responses to the allegations set forth in paragraphs 1-100.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

Defendants request that this Court DENY Plaintiff's request for relief.

## FOURTH CAUSE OF ACTION

108. Defendants incorporate by reference the responses to the allegations set forth in paragraphs 1-107.

109. Denied.

110. Denied.

111. Denied.

Defendants request that this Court DENY Plaintiff's request for relief.

## FIFTH CAUSE OF ACTION

112. Defendants incorporate by reference the responses to the allegations set forth in paragraphs 1-111.

113. Defendants admit that a Contract exists, but Defendants deny the existence of the Contract that Plaintiff pleads in its FAC. Defendants therefore deny the remaining allegations in paragraph 113.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

Defendants request that this Court DENY Plaintiff's request for relief.

## SIXTH CAUSE OF ACTION

WILLEY &
BENTALEB LLP
SAN FRANCISCO

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

119. Defendants incorporate by reference the responses to the allegations set forth in paragraphs 1-118.

120. Denied.
121. Denied.
122. Denied.
123. Denied.
124. Denied.

Defendants request that this Court DENY Plaintiff's request for relief.

## SEVENTH CAUSE OF ACTION

125. Defendants incorporate by reference the responses to the allegations set forth in paragraphs 1-124.

126. Denied.
127. Denied.
128. Denied.
129. Denied.
130. Denied.
131. Denied.
132. Denied.
133. Denied.
134. Denied.
135. Denied.

Defendants request that this Court DENY Plaintiff's request for relief.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative defenses to be used at the time of trial:

136. The Court lacks jurisdiction to hear Plaintiff's claims.

WILLEY & BENTALEB LLP
SAN FRANCISCO

137. Plaintiff has failed to state a claim upon which relief can be granted and Defendants are entitled to judgment as a matter of law.

138. Plaintiff has failed to mitigate its damages, if any.

139. Plaintiff's claims are barred by the doctrines of mootness and ripeness.

140. Plaintiff is barred from obtaining any recovery in this case by the doctrine of unclean hands.

141. Plaintiff's claims may be barred by the Statute of Frauds.

142. The agreement upon which Plaintiff bases its claims fails for ambiguity.

143. Plaintiff's claims may be barred by the doctrines of Mistake, Unconscionability, Impossibility, Impracticability, Estoppel, Waiver, Quantum Meruit, and/or Laches.

144. Plaintiff's claims fail under the doctrines of Anticipatory Repudiation and/or Cancellation.

145. Plaintiff's claims fail for violation of the Parole Evidence Rule, Cal. Code Civ. Proc. § 1856; Cal. Civ. Code § 1625.

146. Each purported claim for relief of Plaintiff is barred in whole or in part by Plaintiff's fraudulent and inequitable conduct.

147. Any amount that would be recoverable by Plaintiff on the contract is offset by Plaintiff's breach of contract with Defendant.

148. Plaintiff's damages, if any, were the result of the actions of entities and individuals other than Defendants, including but not limited to Counterdefendants Grinberg and Yancher.

149. Defendants reserve the right to amend its pleadings in the event that additional affirmative defenses become known.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests relief as follows:

1. For dismissal of all of Plaintiff's claims in the First Amended Complaint;
2. For Defendants' cost of defending this suit and reasonable attorney fees; and

WILLEY &
BENTALEB LLP
SAN FRANCISCO

3. For such other relief as the Court may deem just and proper.

Respectfully Submitted,

DATED: SEPTEMBER 9, 2014          */s/ Carlton J. Willey*

Carlton J. Willey (CA Bar No. 269120)
WILLEY & BENTALEB LLP
JPMorgan Chase Building
560 Mission, Suite 1300
San Francisco, CA 94105
Phone: (415) 426-7111
Fax: (415) 276-2988
Carlton@WBLawPartners.com

*Attorney for Defendants and Counterclaimants
Mark Javitch and Daniel Canfield*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed on September 9, 2014 through use of the Court's CM/ECF system, which will send electronic notice of such filing to the following:

Ad Astra Law Group
The Hobart Building
582 Market St., Suite 1903
San Francisco, CA 94104
dnied@adastralegal.com

                                              */s/ Carlton J. Willey*

Carlton J. Willey (CA Bar No. 269120)
WILLEY & BENTALEB LLP
JPMorgan Chase Building
560 Mission, Suite 1300
San Francisco, CA 94105
Phone: (415) 426-7111
Fax: (415) 276-2988
Carlton@WBLawPartners.com

*Attorney for Defendants and Counterclaimants
Mark Javitch and Daniel Canfield*