Carlton J. Willey (CA Bar No. 269120)
WILLEY & BENTALEB LLP
JPMorgan Chase Building
560 Mission, Suite 1300
San Francisco, CA 94105
Phone: (415) 426-7111
Carlton@WBLawPartners.com
*Attorneys for Defendants and Counterclaimant
Mark Javitch, Daniel Canfield and
The Javitch Group LLC*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| NOVELPOSTER, a California General Partnership, | 3:13-cv-05186-WHO |
| Plaintiff and Counterdefendant, | **JUDGE:** Hon. William H. Orrick |
| vs. | **DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| JAVITCH CANFIELD GROUP, business entity form unknown, et al, | |
| Defendants, | |
| THE JAVITCH GROUP LLC, a Nebraska limited liability company, | |
| Counterclaimant, | |
| vs. | |
| NOVELPOSTER, MATTHEW GRINBERG aka MATVEY GRINBERG and ALEX YANCHER, individuals | |
| Counterdefendants. | |

Defendants Mark Javitch, Daniel Canfield, and The Javitch Group LLC ("Defendants") hereby answer Plaintiff Novelposter's ("Plaintiff") Second Amended Complaint (Dkt. 136, "SAC") as follows:

1. Defendants admit that the SAC purports to state an action based on a relationship whereby Plaintiff Novelposter, through their principals, Counterdefendants Mr. Alex Yancher and Mr. Matvey Grinberg, misrepresented Novelposter's financial performance, concealed material facts, and fraudulently induced Defendants into a business arrangement to take over all aspects of their poster-selling business. This business arrangement was conducted informally, at the election of Plaintiff. Despite contemplating a long-term arrangement, Plaintiff improperly attempted to terminate the business arrangement after just six weeks and refuted all attempts at reconciliation. Plaintiff has prioritized this litigation over actually operating Novelposter, as it has not actually resumed any business operations in 2014. Plaintiff has sued a "business entity form unknown" but Plaintiff is aware that there is no legal entity bearing the name "Javitch Canfield Group." Defendants deny committing any acts in violation of California state law, California common law, or federal laws related to "computer crimes" or "hacking" and, therefore, deny all material allegations in paragraph 1.

2. Denied.

3. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 3 and, therefore, deny the same.

4. Defendants deny that Javitch Canfield Group exists and therefore denies all allegations in paragraph 4.

5. Defendants deny that Javitch Canfield Group exists, Defendants admit that Mark Javitch is a resident of San Francisco, California, but deny all the remaining allegations in paragraph 5.

6. Defendants deny that Javitch Canfield Group exists, Defendants admit that Daniel Canfield was previously a resident of San Francisco, California, but deny all the remaining allegations in paragraph 6.

7. Defendants deny that Javitch Canfield Group exists, and therefore deny all allegations in

Paragraph 7.

8. Defendants admit that The Javitch Group LLC is a Nebraska Limited Liability Company with its principal operations and offices in Omaha, Nebraska. Defendants deny all the characterizations in paragraph 8 and therefore deny all the remaining allegations in paragraph 8.

9. Defendants admit that Mr. Mark Javitch is a member of The Javitch Group LLC. Defendants deny that the Javitch Canfield Group exists. Defendants deny all the remaining characterizations in paragraph 9 and therefore deny all the remaining allegations in paragraph 9.

10. Denied.

11. Denied.

12. Defendants deny committing any acts in violation of federal or state law and therefore deny that this Court should have jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331. However, Defendants admit that the Court's subject matter jurisdiction is purportedly invoked by Plaintiff's stated allegations. Defendants assert that the total alleged damages by Plaintiff do not exceed $10,000, and therefore the matter would be more appropriately brought in Small Claims Court were it not for Plaintiff's allegations invoking federal computer crimes.

13. Defendants deny committing any acts in violation of federal or state law and therefore deny that this Court is a proper venue and deny that the Court should have personal jurisdiction over Defendants. Defendants deny that Javitch Canfield Group exists. Defendants admit that Mr. Mark Javitch is a resident of San Francisco, California, and that Mr. Daniel Canfield previously resided in San Francisco, California. Defendants admit that The Javitch Group LLC is a Nebraska Limited Liability Corporation with its principal offices in Omaha, Nebraska. Defendants deny that the SAC alleges any improper conduct, deny Plaintiff's characterization of events purportedly stated in the SAC, and therefore deny all allegations in paragraph 13.

14. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 14 and, therefore, deny the same.
15. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 15 and, therefore, deny the same.
16. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 16 and, therefore, deny the same.
    a. Defendants admit that all @novelposter.com emails are Novelposter business email addresses used as a Customer Relationship Manager ("CRM") tool for business communication. Defendants lack sufficient information and knowledge to admit or deny the remaining allegations in paragraph 16(a) and, therefore, deny the same.
    b. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 16(b) and, therefore, deny the same.
    c. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 16(c) and, therefore, deny the same.
    d. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 16(d) and, therefore, deny the same.
    e. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 16(e) and, therefore, deny the same.
    f. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 16(f) and, therefore, deny the same.
17. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 17 and, therefore, deny the same.
18. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 18 and, therefore, deny the same.
19. Defendants admit that Alex Yancher and Matt Grinberg were absentee owners of Novelposter and outsourced most business functions to third parties, as they were too busy to operate Novelposter themselves and preferred spending time on other business ventures.

4
3:13-cv-05186-WHO

Defendants cannot comprehend the following statement by Plaintiffs in paragraph 19: "NOVELPOSTER was a business where its sale was one option its owners were considering." Defendants admit that Plaintiffs were actively trying to sell Novelposter, and eventually received a single offer from a potential buyer, for $30,000 (net $15,000). Defendants lack sufficient information and knowledge to admit or deny the remaining allegations in paragraph 19 and, therefore, deny the same.

20. Defendants deny that Javitch Canfield Group exists. Defendants admit Mr. Yancher met Mr. Canfield at Blue Monday, where Mr. Alex Yancher fraudulently misrepresented financial information about Novelposter, including the fraudulent representation that Novelposter was selling $10,000 per month, when it was actually selling only $5,000 per month. Defendants admit that Mr. Yancher was too busy to operate Novelposter because he was spending his time on other business ventures. Defendants admit that Mr. Yancher fraudulently inflated Novelposter's value in order to find a third party that could operate Novelposter for its absentee owners. Defendants deny Plaintiff's characterization of "Javitch Canfield Group" as Mr. Canfield's company, and Defendants ***admit Plaintiff's allegation*** that ***Plaintiff*** proposed to Defendants "to ***take over the operations*** of NOVELPOSTER ***until it could be sold***," which was later stated to be ***all aspects of business operations*** (emphasis added). Defendants admit the proposed term of the Contract offered by Plaintiff was to take over all aspects of Novelposter operations until it could be sold, with a one year minimum term and this term was accepted by Defendants. Defendants admit that the contract was established at an in person meeting that took place at the Omni Hotel in San Francisco on May 1, 2013, followed by Plaintiff's transfer of the website domain and all Novelposter accounts and passwords to Defendants on May 3, 2013. Defendants deny the remaining allegations in paragraph 20.

21. Defendants deny that Javitch Canfield Group exists. Defendants admit that Mr. Canfield was an independent contractor for The Javitch Group LLC. Defendants admit that meetings took place between Mr. Yancher, Mr. Grinberg, Mr. Canfield, and Mr. Javitch. Defendants

deny Plaintiff's characterization of Mr. Javitch as Mr. Canfield's partner at Defendant Javitch Canfield Group, as Javitch Canfield Group does not exist. Defendants deny the characterizations in paragraph and therefore Defendants deny the remaining allegations in paragraph 21.

22. Defendants admit a Contract was established with The Javitch Group LLC when Plaintiff transferred all Novelposter accounts and passwords to Defendants on May 3, 2013 so that Defendants could take over Novelposter operations until it could be sold with a minimum one year term. Defendants admit that they were granted unrestricted access to all Novelposter accounts. Defendants deny all the characterizations in paragraph 22 and therefore deny the allegations in paragraph 22.

23. Defendants admit that without restrictions in place, Plaintiff transferred all Novelposter passwords and accounts to Defendants, including the administrative account for Google Apps for business, which controlled all Novelposter email accounts. Defendants further admit that no access restrictions to any Novelposter accounts were established or requested by Plaintiff. Defendants deny all the characterizations in paragraph 23 and therefore deny the allegations in paragraph 23.

24. Defendants admit that The Javitch Group LLC, in the ordinary course of business, routinely changes passwords for security reasons. Defendants deny all the characterizations in paragraph 24 and there deny all the remaining allegations in paragraph 24.

25. Defendants admit that the Contract was consummated and fully established on May 3, 2013 when Plaintiff transferred all accounts and passwords to Defendants. Defendants admit that after establishing the Contract, Plaintiff unsuccessfully attempted to modify the existing contract terms by tampering with the Contract and failing to highlight any changes to Defendants and sending a one-way email that received no response. Defendants deny the characterizations in paragraph 25 and Defendants deny that the terms stated in paragraph 25 constitute the Contract and therefore deny the characterizations and remaining allegations in paragraph 25.

6
3:13-cv-05186-WHO

26. Defendants admit that an email was sent by Mr. Grinberg that received no reply. Defendants deny that Mr. Grinberg's email modified the pre-existing Contract. Defendants deny all the characterizations in paragraph 26 and therefore deny all allegations in paragraph 26.

27. Defendants admit that an email was sent by Mr. Yancher but Defendants deny that it modified the pre-existing Contract. Defendants admit that Mr. Yancher transferred Novelposter's inventory to The Javitch Group LLC. Defendants deny all the characterizations in paragraph 27 and therefore deny all allegations in paragraph 27.

28. Defendants deny all the characterizations in paragraph 28 and therefore deny all the allegations in paragraph 28.

29. Defendants admit that The Javitch Group LLC posted on elance.com, but Defendants deny the characterizations in paragraph 29 and therefore deny all the remaining allegations in paragraph 29.

30. Defendants admit that correspondence took place but Defendants deny all the characterizations in paragraph 30 and therefore deny all the allegations in paragraph 30.

31. Defendants deny all the characterizations in paragraph 31 and therefore deny all the allegations in paragraph 31.

32. Defendants admit that Plaintiff transferred its inventory to Defendants without restriction and Defendants deny all the characterizations in paragraph 32 and therefore deny all the allegations in paragraph 32.

33. Defendants admit that they had taken over all aspects of Novelposter operations in accordance with the contract established when Novelposter transferred its passwords to Defendants, but Defendants deny all the characterizations in paragraph 33 and therefore deny all the allegations in paragraph 33.

34. Defendants admit that Defendants created a new website for www.novelposter.com and Defendants changed the servers used by www.novelposter.com on June 6, 2013 in order to host the new www.novelposter.com website on Defendants' servers, as was explained to Plaintiff. Defendants deny all the characterizations in paragraph 34 and therefore deny all

WILLEY &
BENTALEB LLP
SAN FRANCISCO

the remaining allegations in paragraph 34.

35. Defendants deny all the characterizations in paragraph 35 and therefore deny all the allegations in paragraph 35.

36. Defendants admit that some correspondence took place but Defendants deny all the characterizations in paragraph 36 and therefore deny all the allegations in paragraph 36.

37. Defendants admit that a meeting took place on June 13, 2013, Defendants deny that the meeting took place at Starbucks Coffee, Defendants deny all the characterizations in paragraph 37 and therefore Defendants deny all the allegations in paragraph 37.

38. Defendants admit that Mr. Grinberg sent an email but Defendants deny all the characterizations in paragraph 38 and therefore deny all the allegations in paragraph 38.

39. Denied.

40. Defendants admit that Mr. Javitch sent an email but Defendants deny all the characterizations in paragraph 40 and therefore deny all the allegations in paragraph 40.

41. Defendants admit that Defendants operated Novelposter in accordance with all terms of the Contract. Defendants deny all the remaining allegations in paragraph 41.

42. Denied

43. Defendants admit that Defendants sent some free gifts to customers to improve customer engagement but Defendants deny all the characterizations in paragraph 43 and therefore deny all the allegations in paragraph 43.

44. Denied.

45. Defendants admit that Defendants operated Novelposter in accordance with all terms of the Contract. Defendants deny all the remaining allegations in paragraph 45.

46. Denied.

47. Defendants admit that a bandwidth error occurred on December 4, 2013 and that Plaintiff demanded Defendants shut down the website. Defendants deny all the characterizations in paragraph 47 and therefore deny all the remaining allegations in paragraph 47.

48. Defendants admit that Defendants sent instructions to Plaintiff on how to access their

WILLEY &
BENTALEB LLP
SAN FRANCISCO

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

accounts since they did not know how after Defendants transferred the domain to Plaintiff on January 3, 2014. Defendants deny all the characterizations in paragraph 48 and therefore deny any remaining allegations in paragraph 48.

49. Defendants deny that such an active email account existed or was ever used, and deny that any such email account ever contained any "data, information, and communications." Defendants deny all the characterizations in paragraph 49 and therefore deny all the allegations in paragraph 49.

50. Denied.

51. Denied

52. Defendants admit that Novelposter emails were not located in Plaintiff's Google Apps account because Defendants operated Novelposter using their own servers in accordance with all terms of the Contract established at the Omni Hotel. Defendants deny all the characterizations in paragraph 52 and therefore deny all the allegations in paragraph 52.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Defendants admit that on several occasions, Plaintiff demanded Defendants shut down the website. Defendants deny all the characterizations in paragraph 60 and therefore deny all the remaining allegations in paragraph 60.

61. Denied.

62. Denied.

63. Denied.

64. Defendants admit offering free gifts to some customers to improve customer engagement

WILLEY &
BENTALEB LLP
SAN FRANCISCO

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

but Defendants deny all the characterizations in paragraph 64 and therefore deny all the allegations in paragraph 64.

65. Denied.
66. Defendants admit that The Javitch Group LLC took over all aspects of Novelposter operations in accordance with all terms of the Contract. Defendants deny all the characterizations in paragraph 66 and therefore deny all the allegations in paragraph 66.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

67. Defendants incorporate by reference the responses to the allegations set forth in paragraphs 1-66.
68. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 68 and, therefore, deny the same.
69. Defendants lack sufficient information and knowledge to admit or deny the allegations in paragraph 69 and, therefore, deny the same.
70. Denied.
71. Denied.
72. Denied.
73. No Contest.
74. No Contest.
75. Denied.
76. Denied.
77. No Contest.
78. Denied.
79. Denied.
80. Denied.
81. Denied.
82. Denied.

WILLEY &
BENTALEB LLP
SAN FRANCISCO

83. No Contest

84. Denied.

85. Denied.

Defendants request that this Court DENY Plaintiff's request for relief.

## **SECOND CAUSE OF ACTION**

86. Defendants incorporate by reference the responses to the allegations set forth in paragraphs 1-85.

87. No Contest.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Defendants deny that Plaintiff has standing to sue under this civil cause of action and therefore denies all the allegations in paragraph 98.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

WILLEY &
BENTALEB LLP
SAN FRANCISCO

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

104. Denied.
105. Denied.

Defendants request that this Court DENY Plaintiff's request for relief.

## THIRD CAUSE OF ACTION

106. Defendants incorporate by reference the responses to the allegations set forth in paragraphs 1-105.
107. Denied.
108. Denied.
109. Denied.
110. Denied.
111. Denied.
112. Denied.

Defendants request that this Court DENY Plaintiff's request for relief.

## FOURTH CAUSE OF ACTION

113. Defendants incorporate by reference the responses to the allegations set forth in paragraphs 1-112.
114. Denied.
115. Denied.
116. Denied.

Defendants request that this Court DENY Plaintiff's request for relief.

## FIFTH CAUSE OF ACTION

117. Defendants incorporate by reference the responses to the allegations set forth in paragraphs 1-116.
118. Defendants admit that a Contract exists that was formed by the parties in the meeting

WILLEY &
BENTALEB LLP
SAN FRANCISCO

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

at the Omni Hotel, but Defendants deny the existence of the Contract that Plaintiff pleads in its SAC. Defendants deny the characterizations in paragraph 118 and therefore deny the remaining allegations in paragraph 118.

119. Denied.
120. Denied.
121. Denied.
122. Denied.
123. Denied.

Defendants request that this Court DENY Plaintiff's request for relief.

## **SIXTH CAUSE OF ACTION**

124. Defendants incorporate by reference the responses to the allegations set forth in paragraphs 1-123.
125. Denied.
126. Denied.
127. Denied.
128. Denied.
129. Denied.

Defendants request that this Court DENY Plaintiff's request for relief.

## **SEVENTH CAUSE OF ACTION**

130. Defendants incorporate by reference the responses to the allegations set forth in paragraphs 1-129.
131. Denied.
132. Denied.
133. Denied.
134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

Defendants request that this Court DENY Plaintiff's request for relief.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative defenses to be used at the time of trial:

141. The Court lacks jurisdiction to hear Plaintiff's claims.

142. Plaintiff has failed to state a claim upon which relief can be granted and Defendants are entitled to judgment as a matter of law.

143. Plaintiff has failed to mitigate its damages, if any.

144. Plaintiff's claims are barred by the doctrines of mootness and ripeness.

145. Plaintiff is barred from obtaining any recovery in this case by the doctrine of unclean hands.

146. Plaintiff's claims may be barred by the Statute of Frauds.

147. The agreement upon which Plaintiff bases its claims fails for ambiguity.

148. Plaintiff's claims may be barred by the doctrines of Mistake, Unconscionability, Impossibility, Impracticability, Estoppel, Waiver, Quantum Meruit, and/or Laches.

149. Plaintiff's claims fail under the doctrines of Anticipatory Repudiation and/or Cancellation.

150. Plaintiff's claims fail for violation of the Parol Evidence Rule, Cal. Code Civ. Proc. § 1856; Cal. Civ. Code § 1625.

151. Each purported claim for relief of Plaintiff is barred in whole or in part by Plaintiff's fraudulent and inequitable conduct.

152. Any amount that would be recoverable by Plaintiff on the contract is offset by Plaintiff's breach of contract with Defendant.

153. Plaintiff's damages, if any, were the result of the actions of entities and individuals other than Defendants, including but not limited to Counterdefendants Grinberg and Yancher.

154. Defendants reserve the right to amend its pleadings in the event that additional affirmative defenses become known.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests relief as follows:

1. For denial of all of Novelposter's requests in its Prayer for Relief in the SAC.
2. For dismissal of all of Plaintiff's claims in their Second Amended Complaint;
3. For Defendants' cost of defending this suit and reasonable attorney fees;
4. Punitive and/or exemplary damages against Plaintiff for pursuing baseless claims, and
5. For such other relief as the Court may deem just and proper.

Respectfully Submitted,

DATED: DECEMBER 5, 2014  /s/ Carlton J. Willey

Carlton J. Willey (CA Bar No. 269120)
WILLEY & BENTALEB LLP
JPMorgan Chase Building
560 Mission, Suite 1300
San Francisco, CA 94105
Phone: (415) 426-7111
Fax: (415) 276-2988
Carlton@WBLawPartners.com

*Attorney for Defendants and Counterclaimant Mark Javitch, Daniel Canfield, and The Javitch Group LLC*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed on December 5, 2014 through use of the Court's CM/ECF system, which will send electronic notice of such filing to the following:

David Nied
Ad Astra Law Group
The Hobart Building
582 Market St., Suite 1909
San Francisco, CA 94104
dnied@adastralegal.com

/s/ Carlton J. Willey

Carlton J. Willey (CA Bar No. 269120)
WILLEY & BENTALEB LLP
JPMorgan Chase Building
560 Mission, Suite 1300
San Francisco, CA 94105
Phone: (415) 426-7111
Fax: (415) 276-2988
Carlton@WBLawPartners.com

*Attorney for Defendants and Counterclaimant Mark Javitch, Daniel Canfield, and The Javitch Group LLC*

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

WILLEY &
BENTALEB LLP