# EXHIBIT V

David Nied (SBN 136413)
dnied@astralegal.com
Katy M. Young (SBN 267791)
kyoung@astralegal.com
Allison M. Dibley (SBN213104)
adibley@astralegal.com
Keenan W. Ng (SBN 267779)
kng@astralegal.com
**AD ASTRA LAW GROUP, LLP**
582 Market Street, Suite 1903
San Francisco, CA 94104
Telephone: (415) 795-3579
Facsimile:  (415) 276-1976

Attorneys for Plaintiff NOVELPOSTER

IN THE UNITED STATES DISTRICT COURT

IN THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVELPOSTER, a California general partnership,<br><br>         Plaintiff,<br><br>    V.<br><br>JAVITCH CANFIELD GROUP, a California business entity form unknown, MARK JAVITCH, DANIEL CANFILED, and DOES 1-10, INCLUSIVE,<br><br>         Defendants. | CASE NO.: 3:13-cv-05186-WHO<br><br>PLAINTIFF NOVELPOSTER'S RESPONSES TO DEFENDANTS' WRITTEN INTERROGATORIES, SET ONE<br><br>Complaint Filed: November 6, 2013 |

PROPOUNDING PARTY:        Defendants/Third Party Plaintiffs MARK JAVITCH and

                                                  DANIEL CANFIELD

RESPONDING PARTY:         Plaintiff NOVELPOSTER

SET NUMBER:                       ONE (1)

   Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiff NOVELPOSTER (hereinafter referred to as "Responding Party") submits the following objections and responses to the Written

-1-
**Plaintiff NovelPoster's Responses to Defendants' Written Interrogatories, Set 1**

answering this interrogatory would be oppressive, unduly burdensome and unnecessarily expensive, and the burden of providing such information in this interrogatory is substantially the same or less for Defendants as for Plaintiff.

Subject to, and without waiving the foregoing objections, Plaintiff responds as follows:

After the June 14, 2013 termination date, Defendants represented to the general public, including to numerous wholesalers associated with Plaintiff, that they were authorized to operate and represent Plaintiff when in fact any such authority had been revoked by the contract termination. On May 15th, 2013, Defendant Daniel Canfield represented to Richard Rogowski that "my company has acquired NovelPoster" when under no circumstances alleged by either party did Defendant Javitch Canfield Group or either individual Defendant or any of their businesses "acquire" NovelPoster. Defendant's attitude towards NovelPoster is succinctly summarized in Dan Canfield's email to Mark Javitch on August 23rd, 2013: "Should we do this and just say we took over novelposter etc?" Mark Javitch's response will be sought after during discovery as it was not produced along with Mr. Canfield's email.

**INTERROGATORY NO. 15:**

For each and every Act conducted by Defendants /Third Party Plaintiffs that you allege constitutes a violation of 18 U.S.C.1030, describe all the alleged Act by Defendants/Third Party Plaintiffs; stating specifically what protected computer was accessed, at what date and time, what information was obtained, or altered, or what computers were damaged, whether the act is alleged "without authorization" or "in excess of authorization", or both, whether the act violates section (a)(2)(C) or (a)(5)(c), or both, and detail all the damages that you allege, and identify all documentation of all damages and expenses incurred.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad.  Plaintiff objects to this Interrogatory on the grounds that it is vague and ambiguous, particularly with regard to the use of undefined terms including, but not limited to, "protected computer," "accessed," "obtained," "altered," "damaged," "without authorization," "in excess of authorization," and "detail."  Plaintiff objects that this Interrogatory is compound and conjunctive- it is at least a four part question.

1  Plaintiff objects to this Interrogatory to the extent that it inappropriately seeks legal opinions and
2  conclusions from a lay witness, without the proper laying of foundation, and which is more properly
3  the subject of expert witness testimony.  Plaintiff objects to this Interrogatory on the grounds and to
4  the extent that it seeks documents or information protected by the attorney client privilege and/or the
5  attorney work product doctrine.  Plaintiff objects on the grounds that this Interrogatory improperly
6  calls for premature identification and disclosure of plaintiff's retained consultants, who may or may
7  not later be appropriately named as expert witnesses.  Plaintiff objects to this interrogatory to the
8  extent that it seeks information that is readily more accessible to Defendants from Defendants own
9  files, including documents and communications Defendant produced to Plaintiff, or has yet to
10 produce to Plaintiff.  Providing such information in answering this interrogatory would be
11 oppressive, unduly burdensome and unnecessarily expensive, and the burden of providing such
12 information in this interrogatory is substantially the same or less for Defendants as for Plaintiff.
13          Subject to, and without waiving the foregoing objections, Plaintiff responds as follows:
14          On two occasions, Defendants changed passwords to the following accounts that NovelPoster
15 had license to access, thus denying access to NovelPoster's owners NovelPoster's domain name,
16 novelposter.com; Login for contact@novelposter.com account; the PayPal account licensed to
17 NovelPoster; the NovelPoster's Goodsie account licensed to NovelPoster; the MailChimp account
18 licensed to NovelPoster; the Adwords account licensed to NovelPoster; the Storenvy account
19 licensed to NovelPoster; the Facebook account licensed to NovelPoster; the Twitter account licensed
20 to NovelPoster; the Stripe account licenses by NovelPoster; the Etsy account licensed to
21 NovelPoster; as well as the passwords for Matt@NovelPoster.com and Alex@NovelPoster.com.
22 Defendants' denial of NovelPoster's principals' access to these accounts was in excess of their
23 authority as contractors for NovelPoster.
24          After the June 14, 2013 termination of the agreement between NovelPoster and Defendants,
25 Defendants continued to deny access of the following accounts and information, as well as continue
26 to access for their own benefit, the following information and operational accounts which
27 NovelPoster had license to control, including, but not limited to: a customer list of roughly 1000
28 email addresses; NovelPoster's domain name, novelposter.com; Login for contact@novelposter.com

1  account; the PayPal account licensed to NovelPoster; the NovelPoster's Goodsie account licensed to
2  NovelPoster; the MailChimp account licensed to NovelPoster; the Adwords account licensed to
3  NovelPoster; the Storenvy account licensed to NovelPoster; the Facebook account licensed to
4  NovelPoster; the Twitter account licensed to NovelPoster; the Stripe account licenses by
5  NovelPoster; the Etsy account licensed to NovelPoster; as well as the passwords for
6  Matt@NovelPoster.com and Alex@NovelPoster.com.  These actions were performed by Defendants
7  after their authority to operate or manage any aspect of NovelPoster had been revoked by the June
8  14, 2013 contract termination.
9       By accessing these accounts without authorization, or in excess of their authorization,
10 Defendants have obtained valuable information from such protected computers, such as data
11 analytics, customer lists, and other business information.
12      By performing these acts, Defendants have caused Plaintiff to suffer damages and/or loss in
13 excess of $5,000 in the year preceding the filing of the Complaint.
14      Plaintiff further refers Propounding Party to the Complaint.
15      Discovery is ongoing and further responses to this Interrogatory will be possible once
16 Plaintiff learns the specifics of each time Defendants accessed an account that belonged to
17 NovelPoster, so that Plaintiff can learn the exact dates and times of each unauthorized access, what
18 protected computers were accessed, what information was obtained or altered, what computers were
19 damaged, and whether each of those acts was without authority or in excess of authority, and what
20 damages flow from each instance. Defendants currently possess nearly all of the information
21 necessary to more fully respond to this Interrogatory.
22 **INTERROGATORY NO. 16:**
23      For each and every Act conducted by Defendants/Third Party Plaintiffs that you allege
24 constitutes a violation of 18 U.S.C. 2511(l)(a), describe all the alleged acts by Defendants/Third
25 Party Plaintiffs; stating specifically the Defendants/Third Party Plaintiffs' Act, what the electronic
26 communications are, how the communications were intercepted by Defendants, what Defendants'
27 method of interception was, if Defendants used any device to aide in interception, where this
28 information was located, what computers were accessed, and whether the electronic communication

was intercepted, disclosed, or intentionally used, or some combination of these, and all supporting evidence and documents, and detail all the damages that you allege, including documentation of all damages and expenses.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad. Plaintiff objects to this Interrogatory on the grounds that it is vague and ambiguous, particularly with regard to the use of undefined terms including, but not limited to, "electronic communications," "communications," "intercepted," "method of interception," "device," "aide in interception," "accessed," "intercepted," "disclosed," and "intentionally used." Plaintiff objects that this Interrogatory is compound and conjunctive- it is at least a three part question. Plaintiff objects to this Interrogatory to the extent that it inappropriately seeks legal opinions and conclusions from a lay witness, without the proper laying of foundation, and which is more properly the subject of expert witness testimony. Plaintiff objects to this Interrogatory on the grounds and to the extent that it seeks documents or information protected by the attorney client privilege and/or the attorney work product doctrine. Plaintiff objects on the grounds that this Interrogatory improperly calls for premature identification and disclosure of plaintiff's retained consultants, who may or may not later be appropriately named as expert witnesses. Plaintiff objects to this interrogatory to the extent that it seeks information that is readily more accessible to Defendants from Defendants own files, including documents and communications Defendant produced to Plaintiff, or has yet to produce to Plaintiff. Providing such information in answering this interrogatory would be oppressive, unduly burdensome and unnecessarily expensive, and the burden of providing such information in this interrogatory is substantially the same or less for Defendants as for Plaintiff.

Subject to, and without waiving the foregoing objections, Plaintiff responds as follows:

Defendants accessed and intercepted all communications sent from or received by any email account belonging to NovelPoster, including, but not limited to, the following email accounts: contact@novelposter.com, alex@novelposter.com, and matt@novelposter.com. Each access or interception after the second time Defendants changed the passwords and certainly after the June 14, 2013 contract termination date was performed without Plaintiff's authorization. After the June 14,

1  2013 termination, any Defendant's access or interception of any and all communications sent from,
2  or received by any e-mail account belonging to NovelPoster, including, but not limited to
3  contact@novelposter.com was conducted without authorization from Plaintiff.
4      Defendants have intentionally intercepted and/or intentionally used the information obtained
5  from these electronic communications, causing loss and damage to Plaintiff.
6      Plaintiff further refers Propounding Party to the Complaint.
7      Discovery is ongoing and further responses to this Interrogatory will be possible once
8  Plaintiff learns the specifics of each time Defendants accessed or intercepted a communication that
9  belonged to NovelPoster, so that Plaintiff can learn what communications were accessed or
10 intercepted, what Defendants' method of interception was, whether Defendants used any device to
11 aide in interception, where the information was located, what computers were accessed, and whether
12 the electronic communication was intercepted, disclosed, or intentionally used, or some
13 combination of these, and what damages flow from each instance. Defendants currently possess
14 nearly all of the information necessary to more fully respond to this Interrogatory.

**INTERROGATORY NO. 17:**

For each and every Act conducted by Defendants/Third Party Plaintiffs that you allege constitutes a violation of California Penal Code 502, describe all the alleged act by Defendants/Third Party Plaintiffs; stating specifically the Defendants/Third Party Plaintiffs' Act, what computer systems or data were accessed, at what date and time, what section(s) the Act violates, and detail all the damages that you allege, with supporting documents.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad. Plaintiff objects to this Interrogatory on the grounds that it is vague and ambiguous, particularly with regard to the use of undefined terms including, but not limited to, "computer systems," and "data." Plaintiff objects that this Interrogatory is compound and conjunctive. Plaintiff objects to this Interrogatory to the extent that it inappropriately seeks legal opinions and conclusions from a lay witness, without the proper laying of foundation, and which is more properly the subject of expert witness testimony. Plaintiff objects to this Interrogatory on the grounds and to the extent that it seeks documents or

-21-
**Plaintiff NovelPoster's Responses to Defendants' Written Interrogatories, Set 1**

1  information protected by the attorney client privilege and/or the attorney work product doctrine.
2  Plaintiff objects on the grounds that this Interrogatory improperly calls for premature identification
3  and disclosure of plaintiff's retained consultants, who may or may not later be appropriately named
4  as expert witnesses. Plaintiff objects to this interrogatory to the extent that it seeks information that is
5  readily more accessible to Defendants from Defendants own files, including documents and
6  communications Defendant produced to Plaintiff, or has yet to produce to Plaintiff. Providing such
7  information in answering this interrogatory would be oppressive, unduly burdensome and
8  unnecessarily expensive, and the burden of providing such information in this interrogatory is
9  substantially the same or less for Defendants as for Plaintiff.

10  Subject to, and without waiving the foregoing objections, Plaintiff responds as follows:

11  Defendants' pattern and practice of accessing and operating accounts rightfully licensed to
12  NovelPoster after the June 14, 2013 termination was unauthorized and in excess of Defendants'
13  authority. In knowingly and purposefully accessing these accounts, Defendants copied, used, made
14  use of, interfered, and/or altered data and information stored in these accounts. Such accounts
15  include, but are not limited to, the following information and operational accounts which
16  NovelPoster had license to control: a customer list of roughly 1000 email addresses; NovelPoster's
17  domain name, novelposter.com; alex@novelposter.com, matt@novelposter.com, and
18  contact@novelposter.com accounts; the PayPal account licensed to NovelPoster; the Goodsie
19  account licensed to NovelPoster; the MailChimp account licensed to NovelPoster; the Adwords
20  account licensed to NovelPoster; the Storenvy account licensed to NovelPoster; the Facebook
21  account licensed to NovelPoster; the Twitter account licensed to NovelPoster; the Stripe account
22  licensed to NovelPoster; and the Etsy account licensed to NovelPoster.

23  Defendants' pattern and practice of denying NovelPoster's principals' access and operational
24  control to accounts rightfully licensed to NovelPoster after the June 14, 2013 termination was
25  unauthorized and in excess of Defendants' authority. In knowingly and purposefully accessing these
26  accounts, Defendants copied, used, made use of, interfered, and/or altered data and information
27  stored in these accounts. Such accounts include, but are not limited to, the following information and
28  operational accounts which NovelPoster had license to control: a customer list of roughly 1000 email

Defendants/Third Party Plaintiffs; stating specifically the events that led to this Act , the Acts of the allegation, and detail all the damages.

**RESPONSE TO INTERROGATORY NO. 24:**

Plaintiff objects to this Interrogatory on the grounds that it is hopelessly overly broad, vague, and ambiguous, and thus completely unintelligible. Plaintiff objects that this Interrogatory is compound and conjunctive. Plaintiff objects to this Interrogatory on the ground that it calls for speculation as to which of Defendants' acts require discussion and speculation as to what may have caused Defendants to act in the manner they did. Plaintiff objects to this Interrogatory on the grounds and to the extent that it seeks documents or information protected by the attorney client privilege and/or the attorney work product doctrine. Plaintiff objects to this interrogatory to the extent that it seeks information that is readily more accessible to Defendants from Defendants own files, including documents and communications Defendant produced to Plaintiff, or has yet to produce to Plaintiff. Providing such information in answering this interrogatory would be oppressive, unduly burdensome and unnecessarily expensive, and the burden of providing such information in this interrogatory is substantially the same or less for Defendants as for Plaintiff.

Subject to, and without waiving the foregoing objections, Plaintiff responds as follows:

Without specifying the precise information Propounding Party is requesting, the Interrogatory is so vague and ambiguous as to leave the Interrogatory unintelligible. However, Plaintiff is assuming that the question is meant as a "catch-all" and an opportunity for Plaintiff to elaborate on Defendants' other acts that give rise to the causes of action alleged. Plaintiff refers Propounding Party to the Complaint and cannot provide a specific response at this time. Plaintiffs are willing to meet and confer as necessary. Discovery is ongoing and may reveal other acts committed by Defendants that give rise to liability for the causes of action alleged.

Dated:  May 28, 2014                              **AD ASTRA LAW GROUP, LLP**


By /s/ Katy M. Young
Katy M. Young
Keenan W. Ng
Attorneys for Plaintiff
NOVELPOSTER

-34-

Plaintiff NovelPoster's Responses to Defendants' Written Interrogatories, Set 1