# EXHIBIT W

David Nied (SBN 136413)
dnied@astralegal.com
Katy M. Young (SBN 267791)
kyoung@astralegal.com
Allison M. Dibley (SBN213104)
adibley@astralegal.com
Keenan W. Ng (SBN 267779)
kng@astralegal.com
**AD ASTRA LAW GROUP, LLP**
582 Market Street, Suite 1903
San Francisco, CA 94104
Telephone: (415) 795-3579
Facsimile:  (415) 276-1976

Attorneys for Plaintiff NOVELPOSTER

IN THE UNITED STATES DISTRICT COURT

IN THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVELPOSTER, a California general partnership, <br><br> Plaintiff, <br><br> V. <br><br> JAVITCH CANFIELD GROUP, a California business entity form unknown, MARK JAVITCH, DANIEL CANFILED, and DOES 1-10, INCLUSIVE, <br><br> Defendants. | CASE NO.: 3:13-cv-05186-WHO <br><br> PLAINTIFF NOVELPOSTER'S RESPONSES TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE <br><br> Complaint Filed: November 6, 2013 |

PROPOUNDING PARTY:      Defendants and Third Party Plaintiffs MARK JAVITCH AND

DANIEL CANFIELD

RESPONDING PARTY:      Plaintiff NOVELPOSTER

SET NUMBER:      ONE (1)

Pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiff NOVELPOSTER (hereinafter

referred to as "Responding Party") submits the following objections and responses to the First Request

-1-

1   Plaintiff.

2        Subject to, and without waiving the foregoing objections, Plaintiff responds as follows:

3        Plaintiff will produce relevant, non-privileged documents that are in Plaintiff's possession

4   and that are responsive to this Request on a rolling basis as they become available.

5   **REQUEST NO. 81:**

6        All documents, evidence and communications showing that Defendants/Third Party Plaintiffs

7   violated the Computer Fraud and Abuse Act and the related damages.

8   **RESPONSE TO REQUEST NO. 81:**

9        Plaintiff objects to this Request on the grounds that it is overly broad.  Plaintiff objects to this

10  Request on the grounds that it is vague and ambiguous, particularly with regard to the use of

11  undefined terms including, but not limited to, "evidence" and "showing."  Plaintiff objects that this

12  Request is compound and conjunctive.  Plaintiff objects to this Request to the extent that it

13  inappropriately seeks legal opinions and conclusions from a lay witness, without the proper laying of

14  foundation, and which is more properly the subject of expert witness testimony.  Plaintiff objects to

15  this Request on the grounds and to the extent that it seeks documents or information protected by the

16  attorney client privilege and/or the attorney work product doctrine.  Plaintiff objects on the grounds

17  that this Request improperly calls for premature identification and disclosure of plaintiff's retained

18  consultants, who may or may not later be appropriately named as expert witnesses.  Plaintiff objects

19  to this Request to the extent that it seeks information that is readily more accessible to Defendants

20  from Defendants own files, including documents and communications Defendant produced to

21  Plaintiff, or has yet to produce to Plaintiff.  Providing such information in answering this Request

22  would be oppressive, unduly burdensome and unnecessarily expensive, and the burden of providing

23  such information in this Request is substantially the same or less for Defendants as for Plaintiff.

24       Subject to, and without waiving the foregoing objections, Plaintiff responds as follows:

25       Plaintiff will produce relevant, non-privileged documents that are in Plaintiff's possession

26  and that are responsive to this Request on a rolling basis as they become available.

27  **REQUEST NO. 82:**

28       All documents, evidence and communications showing that Defendants/Third Party Plaintiffs

-59-

1    violated the Electronic Communications Privacy Act and the related damages.

2    **RESPONSE TO REQUEST NO. 82:**

3         Plaintiff objects to this Request on the grounds that it is overly broad.  Plaintiff objects to this

4    Request on the grounds that it is vague and ambiguous, particularly with regard to the use of

5    undefined terms including, but not limited to, "evidence" and "showing."  Plaintiff objects that this

6    Request is compound and conjunctive.  Plaintiff objects to this Request to the extent that it

7    inappropriately seeks legal opinions and conclusions from a lay witness, without the proper laying of

8    foundation, and which is more properly the subject of expert witness testimony.  Plaintiff objects to

9    this Request on the grounds and to the extent that it seeks documents or information protected by the

10   attorney client privilege and/or the attorney work product doctrine.  Plaintiff objects on the grounds

11   that this Request improperly calls for premature identification and disclosure of plaintiff's retained

12   consultants, who may or may not later be appropriately named as expert witnesses.  Plaintiff objects

13   to this Request to the extent that it seeks information that is readily more accessible to Defendants

14   from Defendants own files, including documents and communications Defendant produced to

15   Plaintiff, or has yet to produce to Plaintiff.  Providing such information in answering this Request

16   would be oppressive, unduly burdensome and unnecessarily expensive, and the burden of providing

17   such information in this Request is substantially the same or less for Defendants as for Plaintiff.

18        Subject to, and without waiving the foregoing objections, Plaintiff responds as follows:

19        Plaintiff will produce relevant, non-privileged documents that are in Plaintiff's possession

20   and that are responsive to this Request on a rolling basis as they become available.

21   **REQUEST NO. 83:**

22        All documents, evidence and communications showing that Defendants/Third Party Plaintiffs

23   violated California's Computer Crime Law and the related damages.

24   **RESPONSE TO REQUEST NO. 83:**

25        Plaintiff objects to this Request on the grounds that it is overly broad.  Plaintiff objects to this

26   Request on the grounds that it is vague and ambiguous, particularly with regard to the use of

27   undefined terms including, but not limited to, "evidence" and "showing."  Plaintiff objects that this

28   Request is compound and conjunctive.  Plaintiff objects to this Request to the extent that it

-60-

1  inappropriately seeks legal opinions and conclusions from a lay witness, without the proper laying of

2  foundation, and which is more properly the subject of expert witness testimony. Plaintiff objects to

3  this Request on the grounds and to the extent that it seeks documents or information protected by the

4  attorney client privilege and/or the attorney work product doctrine. Plaintiff objects on the grounds

5  that this Request improperly calls for premature identification and disclosure of plaintiff's retained

6  consultants, who may or may not later be appropriately named as expert witnesses. Plaintiff objects

7  to this Request to the extent that it seeks information that is readily more accessible to Defendants

8  from Defendants own files, including documents and communications Defendant produced to

9  Plaintiff, or has yet to produce to Plaintiff. Providing such information in answering this Request

10  would be oppressive, unduly burdensome and unnecessarily expensive, and the burden of providing

11  such information in this Request is substantially the same or less for Defendants as for Plaintiff.

12        Subject to, and without waiving the foregoing objections, Plaintiff responds as follows:

13        Plaintiff will produce relevant, non-privileged documents that are in Plaintiff's possession

14  and that are responsive to this Request on a rolling basis as they become available.

15  **REQUEST NO. 84:**

16        All documents, evidence and communications showing that Defendants/Third Party Plaintiffs

17  violated the California Invasion of Privacy Act and the related damages.

18  **RESPONSE TO REQUEST NO. 84:**

19        Plaintiff objects to this Request on the grounds that it is overly broad. Plaintiff objects to this

20  Request on the grounds that it is vague and ambiguous, particularly with regard to the use of

21  undefined terms including, but not limited to, "evidence" and "showing." Plaintiff objects that this

22  Request is compound and conjunctive. Plaintiff objects to this Request to the extent that it

23  inappropriately seeks legal opinions and conclusions from a lay witness, without the proper laying of

24  foundation, and which is more properly the subject of expert witness testimony. Plaintiff objects to

25  this Request on the grounds and to the extent that it seeks documents or information protected by the

26  attorney client privilege and/or the attorney work product doctrine. Plaintiff objects on the grounds

27  that this Request improperly calls for premature identification and disclosure of plaintiff's retained

28  consultants, who may or may not later be appropriately named as expert witnesses. Plaintiff objects

1  to this Request to the extent that it seeks information that is readily more accessible to Defendants

2  from Defendants own files, including documents and communications Defendant produced to

3  Plaintiff, or has yet to produce to Plaintiff.  Providing such information in answering this Request

4  would be oppressive, unduly burdensome and unnecessarily expensive, and the burden of providing

5  such information in this Request is substantially the same or less for Defendants as for Plaintiff.

6         Subject to, and without waiving the foregoing objections, Plaintiff responds as follows:

7         Plaintiff will produce relevant, non-privileged documents that are in Plaintiff's possession

8  and that are responsive to this Request on a rolling basis as they become available.

9

10  Dated: May 30, 2014                    **AD ASTRA LAW GROUP, LLP**

11

12  By _____
    Katy M. Young

13  Keenan W. Ng
    Attorneys for Plaintiff
14  NOVELPOSTER

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-66-

**Plaintiff's Responses to Defendants' Request for Production of Documents, Set 1**