David Nied (SBN 136413)
Michael S. Dorsi (SBN 281865)
AD ASTRA LAW GROUP, LLP
582 Market Street, Suite 1015
San Francisco, CA 94104
Telephone: (415) 795-3579
Facsimile: (415) 276-1976
dnied@astralegal.com
mdorsi@astralegal.com

Attorneys for Plaintiff/Counterdefendant NOVELPOSTER and
Counterdefendants ALEX YANCHER, and MATT GRINBERG

I. NEEL CHATTERJEE (SBN 173985)
Email: nchatterjee@orrick.com
SCOTT LINDLAW (SBN 282625)
Email: slindlaw@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

Carlton J. Willey (CA Bar No. 269120)
WILLEY & BENTALEB LLP
JPMorgan Chase Building
560 Mission, Suite 1300
San Francisco, CA 94105
Phone: (415) 426-7111
Fax: (415) 276-2988
Carlton@WBLawPartners.com

Attorneys for Defendants MARK JAVITCH and DANIEL CANFIELD,
and Defendant/Counterclaimant THE JAVITCH GROUP, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVELPOSTER,<br><br>    Plaintiff,<br><br>v.<br><br>JAVITCH CANFIELD GROUP, et al.,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIM. | CASE NO.: 3:13-cv-05186-WHO<br><br>JOINT STATEMENT RE: LEAVE TO AMEND RESPONSE TO REQUEST FOR ADMISSION NO. 58 TO MATT GRINBERG<br><br>Date:   January 21, 2015<br>Time:  2:00 p.m.<br>Ctrm.:  2, 17th Floor (Hon. Wm. Orrick)<br><br>Complaint Filed: November 13, 2013 |

Counterdefendant Matt Grinberg moves for leave of court, pursuant to Federal Rule of Civil Procedure 36(b), to amend his response to Request for Admission No. 58. Defendants oppose.

## I. JOINT STATEMENT OF FACTS

Mark Javitch and Daniel Canfield propounded Requests for Admissions ("RFAs") on Counterdefendant Matt Grinberg. RFA No. 58 stated: "Admit that <u>Defendants/Third Party Plaintiffs had</u> access to change the servers that were used by the domain Novelposter.com on and after May 3, 2013." On June 12, 2014, Grinberg responded: "Responding Party presently ADMITS that, at all times, <u>Defendants were</u> authorized to manage and/or had a right by exclusive license to control, including authorization to manage usernames and passwords: the www.NovelPoster.com website licensed to NovelPoster. Subject to the foregoing admission, Responding Party DENIES the remainder of this Request." Declaration of Michael Dorsi in Support of Opp'n to Mtn. for Summary Jmt. ("Dorsi Dec.") (ECF No. 168), Ex. D (relevant exhibits are contained in ECF No. 168-2) (emphasis added). Upon review, Grinberg contends that this response contains a typographical error: the response says <u>Defendants were</u> where Grinberg contends he meant to say <u>Plaintiff was</u>. On Monday, December 8, 2014, Grinberg's attorneys contacted Defendants' attorneys, informing them of the error. Dorsi Dec., ¶8, Ex. G. The parties conferred and agreed that a motion was necessary for amendment, but did not reach an agreement concerning amendment. *Id*.

## II. LEGAL STANDARD

Rule 36(b) states, and the parties agree, that in order to amend an admission, a party must do so by motion. Rule 36(b) permits a court "to grant relief from an admission made under Rule 36(a) only when (1) 'the presentation of the merits of the action will be subserved,' and (2) 'the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.'" *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (quoting Fed. R. Civ. P. 36(b).).

## III. COUNTERDEFENDANT GRINBERG'S ARGUMENT

Federal Rule of Civil Procedure 26(e)(1)(A) requires a party to correct any incorrect discovery response, including an RFA. Grinberg discovered that his response contains a typographical error identifying Defendants as having authority, when he intended to say that

Plaintiff had authority. Rule 36(b) requires a motion to correct an RFA. Grinberg so moves.

**A.     Background**

RFA 58 is one of 139 RFAs propounded on Grinberg, in addition to 114 RFAs propounded on Plaintiff NovelPoster and 109 RFAs propounded on Counterdefendant Yancher. Dorsi Dec., Exs. D, E & F. Grinberg often qualified his denials, including with the phrase "Responding Party presently ADMITS that, at all times, Plaintiff was authorized to manage and/or had a right by exclusive license to control, including authorization to manage usernames and passwords [of a list of specified accounts]." RFAs Nos. 24 and 99 (Dorsi Dec., Ex. D, pp. 16:8–10 (ECF No. 168-2 p. 6) and 57:9–11 (ECF No. 168-2 p. 11), respectively). NovelPoster and Yancher used the same phrase five times. Dorsi Dec., ¶¶5–7. But in response to RFA No. 58, Grinberg used the term "Defendants were" rather than "Plaintiff was." RFA No. 58 (Dorsi Dec., Ex. D, p. 35:24–26). He did not intend to do so. Declaration of Matt Grinberg in Support of Opp'n to Mtn. for Summary Jmt. (ECF No. 169), ¶5–6.

**B.     Amendment Would Subserve Adjudication on the Merits**

If failure to amend an admission would prevent adjudication of elements of a case on the merits, it satisfies this requirement. *See Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). Grinberg's language at issue was intended to reflect Grinberg's theory of legal authority in this case — Plaintiff had authority, not Defendants. By conflating Plaintiff with Defendants, Grinberg says the exact opposite of what he intended. Grinberg may be precluded from offering his defense. Defendants even suggest this is a basis for summary judgment. Def's Mtn. for Summary Jmt. (ECF No. 155), p. 6:5–8. While this use on summary judgment is incorrect, it is illustrative of how it may be used against Grinberg to prosecute The Javitch Group, LLC's Counterclaims. *See* Opp'n to Mtn. for Summary Jmt. (ECF No. 167), p. 9:13–10:3.

**C.     Amendment Would Not Prejudice Defendants**

"The prejudice contemplated by 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of the truth; rather, it relates to the difficulty a party may face in proving its case, for example by the unavailability of key witnesses in light of the delay." *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001). Reliance on an admission in

preparing a summary judgment motion does not constitute prejudice. *Conlon*, *supra*, 474 F.3d at 623–24; *see also In re Durability, Inc.*, 212 F.3d 551, 556 (10th Cir. 2000), *FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994). Grinberg will be available at trial, he was deposed for 14 hours as an individual counterdefendant and as NovelPoster's PMK. His attorneys even offered to allow Defendants four additional days to amend their summary judgment papers, permitting the filing of revised papers less than a week before Plaintiff's Opposition was due. Dorsi Dec., ¶8.

When a party, throughout litigation, consistently denies facts specifically admitted in an RFA, a court should permit withdrawal of the admission. *See Johnson v. Target Corp.*, 487 Fed. Appx. 298, 300 (7th Cir. 2012). Grinberg repeatedly made clear that he believed NovelPoster, not Defendants, had final authority over the website and passwords. He put Defendants on notice by offering the correct statement twice in response to other Requests for Admissions, in accord with the responses by his company NovelPoster and co-Counterdefendant Yancher.

Moreover, this Court should grant relief because this sort of error is to be expected when a party propounds 362 Requests for Admissions. Plaintiff and Counterdefendants appear to have made no typographical errors in over 99% of their responses. This Court should not reward Defendants by allowing them to take advantage of a one-in-one-hundred mistake.

## IV. DEFENDANTS/COUNTERCLAIMANT'S ARGUMENT

**A.    Grinberg Should Not Be Permitted to Amend a Sworn Admission.**

NovelPoster should not be allowed to amend or withdraw an admission made and verified under oath before discovery closed. While not required to do so under the federal rules, Grinberg verified the admission at issue, attesting under oath as to its truth and accuracy. *See* Dkt. 181-2, Ex. HH. After the close of discovery, Defendants presented this sworn admission as an undisputed fact in support of their motion for summary judgment. *See, e.g.*, Dkt. 162-1 at 2:19-21; 6:4-7; Dkt. 181 at 12:24-14:1. Defendants also relied upon this admission in opposing Plaintiff's motion for summary judgment. *See, e.g.*, Dkt. 172 at 5:12-14; 8:20-23; 15:22-24. Now NovelPoster seeks to retract an admission that Grinberg went out of his way to verify under oath. This is precisely the sort of about-face that the Ninth Circuit forbids. *See Block v. City of Los Angeles*, 253 F.3d 410, 419 n.2 (9th Cir. 2001) ("A party cannot create a genuine issue of material fact to survive summary

judgment by contradicting his earlier version of facts."). At summary judgment, a district court may "disregard 'sham' affidavits that contradict deposition testimony submitted solely to generate [an] issue of fact for summary judgment purposes." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266-67 (9th Cir. 1991). As shown below, Grinberg's reversal would contradict deposition testimony demonstrating Plaintiff granted Defendants the relevant authorizations.

**B.     Amendment Would Not Promote the Presentation of the Merits.**

The first prong of the Rule 36(b) test is satisfied "when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley*, *supra*, 45 F.3d at 1348. In *Hadley*, the parties agreed that upholding the admissions "would eliminate a determination of the merits." *Id*. The Ninth Circuit found the first prong satisfied because "withdrawal of the admissions would certainly facilitate a presentation of the merits." Neither is applicable here. Holding Grinberg to his sworn admission would not eliminate the possibility of the Court making a determination on the merits of the parties' summary judgment motions. Grinberg's admission is one of many pieces of evidence Defendants have proffered to show Plaintiff granted them authorization to manage NovelPoster's online accounts. *See*, *e.g.*, Dkt. 156-1, Ex. E, Yancher Dep. 221:19-222:7 (confirming Plaintiff granted Defendants the authority to reset passwords for the matt@novelposter.com and alex@novelposter.com email accounts). Nor would withdrawal of the admission facilitate a presentation of the merits. Withdrawal would only mitigate the damage the admission has inflicted on NovelPoster's case.

Reversing this admission would not, as Plaintiff claims, preclude Grinberg from offering his defense. And the amended response would be entirely non-responsive. Grinberg was asked to admit information about <u>Defendants'</u> authorization, not about Plaintiff's authorization.

**C.     Permitting Grinberg to Amend Would Prejudice Defendants.**

The Ninth Circuit has warned trial courts "to be cautious in exercising their discretion to permit withdrawal or amendment of an admission." *Conlon*, *supra*, 474 F.3d at 621 (affirming denial of Rule 36(b) motion because withdrawal would have prejudiced the party resisting the motion) (citing *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985)). In determining whether it should exercise its discretion in allowing amendment, a district court may also "consider other

factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Conlon, supra*, 474 F.3d at 625.

The Court should deny amendment or withdrawal because NovelPoster delayed unreasonably in seeking this request (in fact, it never moved under Rule 36(b)), and has a particularly weak case on the merits. Grinberg made his voluntary, sworn admission **six months** ago. In *Conlon*, the Ninth Circuit was persuaded to deny a Rule 36(b) motion by the fact that the party opposing the Rule 36(b) withdrawal had relied on admissions for two and a half months. *Conlon, supra*, 474 F.3d at 624. NovelPoster's "error" was not an accidental failure to respond, as with a deemed admission; it was a conscious decision to recite the facts a particular way. Plaintiff gave no indication it intended to withdraw the admission until one month ago, and can show no good cause for the delay. It claims it failed to correctly draft its response to the RFA, and then failed to discover its error. Finally, as set forth in Defendants' summary judgment motion, *see* Dkt. 162-1, NovelPoster's entire case seems particularly weak, warranting denial of any request to withdraw or amend this verified admission.

Moreover, most cases involving Rule 36(b) are the result of **deemed admissions**, where a party failed to respond. *See Conlon, supra*, 474 F.3d at 621, 776 F.2d at 869; *Sonoda, supra*, 255 F.3d at 1038. Here, by contrast, NovelPoster specifically drafted a qualified response and went beyond the requirements of the federal rules by attesting under oath to its accuracy. Defendants have found no Ninth Circuit case supporting the proposition that a party should be permitted to withdraw or amend a carefully drafted, sworn admission. Allowing NovelPoster to do so would prejudice Defendants in maintaining their defenses and counterclaims on the merits.

NovelPoster complains that denial of its request to amend and/or withdraw Grinberg's admission would prejudice Grinberg. First, the question of prejudice is directed to the party that obtained the admission, not to the moving party. *Hadley, supra*, 45 F.3d at 1348. Second, NovelPoster implies that Defendants propounded an excessive number of Requests for Admission. While Defendants served 362 requests for admission, NovelPoster served **509** RFAs on Defendants.

V. **CONCLUSION**

The parties respectfully request that this Court decide this matter.

| | | |
|---|---|---|
| Dated: January 12, 2014 | | **AD ASTRA LAW GROUP, LLP** |
| | By | */s/ Michael S. Dorsi* |
| | | Michael S. Dorsi |
| | | Attorneys for Counterdefendant |
| | | MATT GRINBERG |
| | | |
| Dated: January 12, 2014 | | **ORRICK, HERRINGTON & SUTCLIFFE LLP** |
| | By | */s/ Scott Lindlaw* |
| | | Scott Lindlaw |
| | | Attorneys for Defendant/Counterclaimant |
| | | THE JAVITCH GROUP, LLC |
| | | and Defendants |
| | | MARK JAVITCH & DANIEL CANFIELD |

As the attorney e-filing this document, Michael S. Dorsi attests that Scott Lindlaw concurred in the filing of this document. /s/ Michael S. Dorsi.